J-S83025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
:         PENNSYLVANIA
:
v.                         :
:
:
:
NICHOLAS A. ROBERTS           :
:
Appellant         :   No. 2168 EDA 2016

Appeal from the PCRA Order June 20, 2016
In the Court of Common Pleas of Montgomery County Criminal Division at
No(s):  CP-46-CR-0005728-2003

BEFORE:  GANTMAN, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY OLSON, J.:          **FILED MARCH 05, 2018**

Appellant, Nicholas A. Roberts, appeals *pro se* from an order entered on June 20, 2016 that dismissed his second petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely. After careful review, we affirm.

The relevant facts and procedural history is as follows.  During the early morning hours of August 3, 2001, Appellant was driving a Toyota Camry in Pottstown, Pennsylvania, accompanied by Joel Muir in the rear passenger seat.  Earlier in the evening, Appellant and Muir had engaged in a verbal altercation with some other men.  Eventually, Appellant and Muir located a Ford Taurus in which two of the men from the earlier argument were traveling.  Appellant sped up alongside the Taurus and Muir discharged a firearm into the vehicle, killing Michael Ziegler.  The Commonwealth charged both Appellant and Muir with first-degree murder, third-degree

murder, criminal conspiracy to commit first-degree murder, criminal conspiracy to commit third-degree murder, and aggravated assault.

At a joint trial, Appellant defended the charges by arguing that while he drove the Camry, the evidence failed to show that he intended to kill the victim or that he conspired to commit murder. Neither Appellant nor Muir testified at trial. At the conclusion of trial, the jury convicted both Appellant and Muir of the aforementioned crimes. The trial court sentenced Appellant to, *inter alia*, life imprisonment for first-degree murder. This Court affirmed Appellant's judgment of sentence on July 12, 2006 and our Supreme Court denied further review on January 3, 2007. Accordingly, because Appellant did not seek review before the United States Supreme Court, his judgment of sentence became final on April 3, 2007. **See** 42 Pa.C.S.A. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[ ]"); U.S.Sup.Ct.R. 13(1) ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."); **Commonwealth v. Miller**, 102 A.3d 988, 993 (Pa. Super. 2014).

Appellant filed his first PCRA petition on June 15, 2007, alleging that trial counsel was ineffective. The PCRA court denied Appellant's petition on January 11, 2008. This Court affirmed the dismissal of Appellant's first

petition on August 26, 2009 and our Supreme Court denied Appellant's petition for allowance of appeal on July 14, 2010. Thereafter, Appellant unsuccessfully litigated a federal petition for *habeas corpus*.

Appellant filed the instant PCRA petition on December 10, 2014.[1] Although he acknowledged that his petition was filed outside the one-year time bar set forth in 42 Pa.C.S.A. § 9545(b)(1), Appellant asserted that he invoked the "newly discovered fact" exception under 42 Pa.C.S.A. §9545(b)(1)(ii). To support this claim, Appellant attached notes of the testimony offered by Muir at a hearing on Muir's collateral challenge to his own murder convictions. At the hearing, Muir testified that on the night of the murder, neither he nor Appellant discussed shooting anyone and "truth be told, [Appellant] didn't know I had a gun that night." N.T. Joel Muir's PCRA Hearing, 1/22/04, at 12. In addition, Appellant supplemented his petition with a sworn affidavit by Muir in which Muir confirmed the exculpatory statements made at his PCRA hearing.

The PCRA court appointed counsel on January 16, 2015. Following review, counsel petitioned the court for leave to withdraw and attached a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa.

---

[1] The PCRA court found that the envelope in which Appellant mailed his second petition was postmarked December 10, 2014. **See**, PCRA Court Opinion, 7/12/17, at 4 n.3, *citing* **Commonwealth v. Crawford**, 17 A.3d 1279, 1281 (Pa. Super. 2011) (*pro se* documents are filed on the date they are placed into the hands of prison authorities for mailing).

1988) and **Commonwealth v. Finley**, 50 A.2d 213 (Pa. Super. 1988) (*en banc*). The court thereafter issued notice of its intent to dismiss the petition without a hearing under Pa.R.Crim.P. 907(1). Appellant replied on June 7, 2016, claiming that Muir's testimony constituted a "newly discovered fact" that could not have been obtained before the conclusion of trial because Muir held a Fifth Amendment privilege against self-incriminating testimony. Appellant also argued that Muir's statements were not merely corroborative or cumulative of evidence introduced at trial. The PCRA court dismissed Appellant's petition without a hearing on June 20, 2016.

Appellant filed a timely notice of appeal on July 5, 2016. Thereafter, pursuant to court order, Appellant filed a concise statement of matters complained of on appeal on July 28, 2016. **See** Pa.R.A.P. 1925(b). The PCRA court issued its opinion on July 12, 2017.

Appellant raises the following issue for our review:

Did the PCRA court err in dismissing Appellant's PCRA petition as untimely where [Appellant invoked the newly discovered facts exception, 42 Pa.C.S.A. § 9545(b)(1)(ii), to the one-year time limitation of the PCRA]?

Appellant's Brief at 5.

Appellant concedes that the instant petition for collateral relief is untimely but maintains that he properly invoked the newly discovered facts exception to the PCRA's one-year time bar. To establish this claim, Appellant relies on Muir's testimony from a January 22, 2014 PCRA hearing

in which Muir alleged that neither he nor Appellant discussed shooting anyone and that Appellant was unaware that Muir possessed a firearm on the night of the murder. Appellant's position is that Muir's testimony was not only unknown to him, it was also unavailable at the time of trial because Muir had a Fifth Amendment privilege against self-incrimination. On this basis, Appellant claims he invoked the timeliness exception set forth at 42 Pa.C.S.A. § 9545(b)(1)(ii) since he did not know what Muir's testimony would have been until he received his co-defendant's confirmatory affidavit. **See** Appellant's Brief at 9. Appellant concludes that the PCRA court erred in dismissing his second PCRA petition as untimely because Muir's testimony was previously unknown and unavailable through the exercise of reasonable diligence.

Our task when reviewing an order that dismisses a petition for collateral relief is to determine whether the PCRA court's findings are supported by the record and whether the order denying relief is free of legal error. **Commonwealth v. Grant**, 992 A.2d 152, 156 (Pa. Super. 2010). The PCRA court may dismiss a petition for collateral relief without holding a hearing where it determines that the petitioner's claim are facially devoid of merit and no purpose would be served by further proceedings. Pa.R.Crim.P. 907(1). Rule 907 authorizes summary dismissal where the petitioner fails to plead and prove that he has met the PCRA's timeliness requirements. **See Commonwealth v. Burton**, 936 A.2d 521, 527 (Pa. Super. 2007).

[Where a petition is] clearly untimely, the courts have "no jurisdiction to grant [relief unless the petitioner] can plead and prove that one of the exceptions to the time bar provided in 42 Pa.[C.S.A.] § 9545(b)(i)-(iii) applies." **Commonwealth v. Pursell**, []749 A.2d 911, 914–915 (Pa. 2000). **See also Commonwealth v. Wilson**, 824 A.2d 331 (Pa. Super. 2003) (*en banc* ), *appeal denied*, []839 A.2d 352 (Pa. 2003).

Specifically, Section 9545 provides, in pertinent part, the following:

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

***

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence;

***

42 Pa.[C.S.A.] § 9545(b)(1)(i)-(iii).

**Burton**, 936 A.2d at 524-525. We have observed that, "the focus of [the exception found at § 9545(b)(1)(ii)] is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) (internal quotations omitted), *appeal denied*, 125 A.3d 1197 (Pa. 2015).

Appellant's contentions in this appeal do not merit relief. At the time of trial, Appellant knew whether he and Muir discussed a killing on the night of the murder. Appellant also knew at that time whether he believed Muir

was in possession of a firearm. As such, Muir's recent statements constitute only a newly willing source of previously known facts. Because such statements do not trigger the timeliness exception found at § 9545(b)(1)(ii), the PCRA court correctly dismissed Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/5/18